IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| R.J. O'BRIEN & ASSOCIATES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 23 CV 3068 |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge M. David Weisman |
| TWS MARKETING GROUP INC., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

The case is before the Court on plaintiff's motion for a rule to show cause why defendant should not be sanctioned for its violations of the Court's order granting plaintiff's motion to compel. For the reasons set forth below, the Court grants the motion [ECF 86].

### Discussion

Federal Rule of Civil Procedure 37(b)(2)(A) authorizes the Court to impose a range of sanctions on a party who disobeys a discovery order. "The type and severity of sanctions are left to the Court's discretion, subject to the principle of proportionality and the need to deter future misconduct." *Thomas v. Ill. Dep't of Transp.*, No. 1:21-CV-01100-JEH-RLH, 2025 WL 1840819, at *1 (C.D. Ill. June 23, 2025). Here, plaintiff seeks the drastic sanction, entry of a default judgment against defendant. A default judgment pursuant to Rule 37 "requires a finding of willfulness, bad faith or fault on the part of the defaulting party." *Brown v. Columbia Sussex Corp.*, 664 F.3d 182, 190 (7th Cir. 2011). "Although there is no requirement that the district court select the 'least drastic' sanction, district courts should only impose sanctions that are 'proportionate to the circumstances surrounding a party's failure to comply with discovery rules.'" *Rice v. City of Chi.*, 333 F.3d 780, 784 (7th Cir. 2003) (quoting *Melendez v. Ill. Bell Tel. Co.*, 79 F.3d 661, 672 (7th Cir. 1996)).

On October 17, 2025, the Court ordered defendant to produce documents responsive to plaintiff's requests for production ("RFPs") 1, 3, 6-9, 11, 13, 15, 16, and 18. (ECF 81.) There is no dispute that defendant did not fully comply with the Court's order. Indeed, it admits as much in its disingenuously titled declaration of compliance with court order. (ECF 86-2, T. Saltmarsh Decl. ¶¶ 3-4.) Defendant contends, however, that its noncompliance was neither willful nor in bad faith. Rather, it says that the delays were because TWS has been out of business for two years, Tom and Asia Saltmarsh, who are the TWS corporate representatives, are elderly and without staff to address technical difficulties in gathering documents, and Mr. Saltmarsh did not realize that he needed to produce TWS's financial statements because the order directed compliance with RFP

18, which requests documents concerning the margin balance in TWS's account, not RFP 19, which requests financial statements.

The fact that TWS is defunct and Mr. Saltmarsh is elderly and without staff to assist him does not justify TWS's failure to comply with the Court's order. Nor does the scrivener's error, given that both parties addressed the substance of RFP 19, the request for financial statements, though they, and consequently the Court, misidentified the request as RFP 18.[1] (*See* ECF 72 at 7; ECF 79 at 3; ECF 81 at 2.) But these things suggest negligence or incompetence, not willfulness or bad faith. Thus, the sanction of default judgment is not appropriate.

Some sanction is appropriate, however, given defendant's admitted failure to comply with the Court's order. Plaintiff says that defendant's violation of the order "will significantly prejudice [plaintiff] because [it] will not be able to question TWS witnesses regarding the documents at the depositions on November 5, 2025 and will likely have to reconvene those depositions, which will result in additional, unnecessary costs to RJO." (ECF 86 at 2.) Accordingly, the Court orders defendant to pay plaintiff the costs it incurs to re-depose defendant's witnesses after defendant produces the requested documents and a meaningful declaration of full compliance to plaintiff, which defendant must do by December 12, 2025. Any further noncompliance by plaintiff may result in the imposition of more severe sanctions, including the possibility of a default judgment.

**SO ORDERED.**  **ENTERED: November 25, 2025**

**M. David Weisman**
**United States Magistrate Judge**

---

[1] Moreover, if this were the only instance of non-compliance, the Court would have a much different view of the situation. Even putting aside this one aspect of non-compliance, TWS has demonstrated substantial non-compliance with the Court's order.

2